Patrick J. Geile
Foley Freeman PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975

___

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KARRIE NAVARRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, KARRIE NAVARRO ("Plaintiff"), through her attorney, Foley Freeman PLLC, alleges the following against Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("Defendant").

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k of the FDCPA.

...

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in Nampa, Canyon County, Idaho.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Hutchinson, Kansas.

11. Defendant is a business entity engaged in debt collection in Idaho.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff, originating with Ace Cash, which Plaintiff does not owe.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. Within in the last year, Defendant was hired to collect on Plaintiff's alleged debt.

19. As part of its collection efforts, Defendant placed collection calls to Plaintiff on Plaintiff's cell phone, ending in 8953.

20. Defendant calls Plaintiff from the following telephone numbers: 208-297-7569, 208-297-7577, and 208-297-7531.

21. The following telephone numbers are Defendant's telephone numbers: 208-297-7569, 208-297-7577, and 208-297-7531.

22. Within the last year, Plaintiff spoke with Defendant's collectors

23. On at least one occasion within the last year, Defendant told Plaintiff that if Plaintiff did not pay the alleged debt, Defendant would sue her.

24. The last payment Plaintiff made on this alleged debt with Ace Cash was in 2008.

25. If the debt is owed at all, the statute of limitations has passed.

26. The statute of limitations on a written contract in Idaho is five (5) years.

27. Defendant is attempting to collect on a debt on which the statute of limitations has expired.

28. At no point did Defendant disclose that the debt was time-barred by the statute of limitations.

29. A no point did Defendant disclose the date of the transaction(s) giving rise to the claimed debt.

3

30. It is the policy and practice of Defendant to seek to collect time-barred debts without disclosing the fact that they are time-barred.

31. It is the policy and practice of Defendant to seek to collect time-barred debts without disclosing the dates of the transaction(s) giving rise to the debts.

32. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

33. On at least on occasion within the last year, Plaintiff informed Defendant that she did not owe the alleged debt as she had previously settled it.

34. Despite this, Defendant continued to place collection calls to Plaintiff in an attempt to collect on a debt that is not owed.

35. On at least on occasion within the last year, Plaintiff requested that Defendant stop calling her.

36. Despite this, Defendant continued to place collection calls to Plaintiff in an attempt to collect on a debt that is not owed.

37. Since Defendant began calling Plaintiff's telephone number, Defendant has placed calls to Plaintiff's telephone number at an excessive rate, sometimes calling up to 4 times a day.

38. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of a debt Plaintiff no longer owes.

39. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

40. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

41. Defendant used unfair and unconscionable means to collect on Plaintiff's alleged debt, by threatening to sue Plaintiff on a debt that she already settled and no longer owed.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

42. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff stated that she did not owe the debt and requested Defendant to stop calling and when Defendant placed an excessive amount of calls to Plaintiff's cellular telephone;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff stated that she did not owe the debt and requested Defendant to stop calling and when Defendant placed an excessive amount of calls to Plaintiff's cellular telephone;

c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt, when Defendant attempted to collect a debt from Plaintiff that Plaintiff no longer owes and even if it is owed, that is past the statute of limitations without disclosing to Plaintiff that the debt was past the statute of limitations;

d. Defendant violated §1692e(2) of the FDCPA by falsely representing the legal status of any debt, when Defendant attempted to collect a debt from Plaintiff that Plaintiff no longer owes and even if it is owed, that is past the statute of limitations without disclosing to Plaintiff that the debt was past the statute of limitations;

e. Defendant violated §1692e(2) of the FDCPA by threatening to take any action that cannot be legally taken or that is not intended to be taken, when Defendant threatened it would sue Plaintiff is she did not pay a debt that Plaintiff no longer owes;

f. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant attempted to collect a debt from Plaintiff that Plaintiff no longer owes and even if it is owed, that is past the statute of limitations without disclosing to Plaintiff that the debt was past the statute of limitations;

g. Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant attempted to collect a debt from Plaintiff that Plaintiff no longer owes and even if it is owed, that is past the statute of limitations without disclosing to Plaintiff that the debt was past the statute of limitations;

    h. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant continued to bombard Plaintiff with collection calls after Plaintiff orally disputed owing the debt; and

    i. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant continued bombard Plaintiff with collection calls after Plaintiff orally disputed owing the debt.

WHEREFORE, Plaintiff, KARRIE NAVARRO, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

43. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

44. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

45. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

January 30, 2018            By: /s/ Patrick J. Geile_____
                                      Patrick J. Geile
                                      Foley Freeman PLLC
                                      953 S. Industry Way
                                      P.O. Box 10
                                      Meridian, Idaho 83680
                                      Tel: 208-888-9111
                                      Fax: 208-888-5130
                                      pgeile@foleyfreeman.com
                                      Idaho State Bar No. 6975